**Damion Lavoial TODD, Petitioner–Appellant,**

v.

**James STEGAL, Warden Macomb Regional Facility; Attorney General of the State of Michigan, Respondents–Appellees.**

No. 00–2203, 98–72656, 09–29–00.

United States Court of Appeals, Sixth Circuit.

April 12, 2002.

Before KENNEDY and DAUGHTREY, Circuit Judges; BELL, Chief District Judge.*

PER CURIAM.

This is an appeal from the district court's denial of a petition for writ of habeas corpus filed on behalf of a state prisoner under 28 U.S.C. § 2254.

Petitioner Damion Todd was convicted in 1986 of first degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony. His conviction was upheld on appeal. Petitioner's attempts to obtain state post-conviction remedies were unsuccessful.

In his section 2254 petition for post-conviction relief, petitioner raised several arguments, including the two due process arguments that are raised here on appeal: that he was denied due process by the conduct and comments of the trial judge and by the failure of the trial judge to instruct the jury on the lesser included offense of voluntary manslaughter. The district court denied the petition for writ of habeas corpus.

Although we review *de novo* the district court's disposition of a petition for writ of habeas corpus, we review the district court's factual findings only for clear error. *Carter v. Bell*, 218 F.3d 581, 590–91 (6th Cir.2000) (citing *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir.1996). Determinations involving mixed questions of fact and law receive *de novo* review. *Gall v. Parker*, 231 F.3d 265, 283 (6th Cir.2000),

---

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

cert. denied, 533 U.S. 941, 121 S.Ct. 2577, 150 L.Ed.2d 739 (2001). For the reasons that follow, we affirm the district court's denial of the writ.

### I.

■ Petitioner contends that the trial judge consistently undermined and demeaned the defense and defense counsel, that the trial judge's treatment of petitioner's trial counsel was marked by hostility and impatience, and that he unmistakably communicated his bias and prejudice against the defense and defense counsel to the jury. Petitioner contends the trial judge's manner was so derisive, belittling, and insulting as to impinge on petitioner's fair trial rights. In support of this argument, petitioner highlights eight verbal exchanges between his trial counsel and the judge, six of which occurred in the presence of the jury. Petitioner further argues that the trial judge engaged in prejudicial non-verbal behavior, such as rolling his eyes and using a derisive tone of voice.

We have held that on direct review reversal is only warranted where the conduct of the trial court is "egregious, and fairly capable of characterization as beyond that necessary to fulfill the role of 'governor of the trial for the purpose of assuring its proper conduct and of determining questions of law.'" *United States v. Tilton,* 714 F.2d 642, 645 (6th Cir.1983) (quoting *Quercia v. United States,* 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321 (1933)). When considering a claim of judicial misconduct on habeas review, the question is not simply whether the trial judge engaged in conduct that might be considered reversible error on direct review. Rather, as we noted in *McBee v. Grant,* 763 F.2d 811 (6th Cir.1985), "[u]nless they amount to constitutional violations, prejudicial comments and conduct by a judge in a criminal trial are not proper subjects for

collateral attack on a conviction." *Id.* at 818 (quoting *Brinlee v. Crisp,* 608 F.2d 839, 853 (10th Cir.1979)). To violate a defendant's right to a fair trial, a trial judge's comments and conduct would have to reach "a significant extent" and be adverse to the defendant "to a substantial degree." *McBee,* 763 F.2d at 818 (quoting *Daye v. Attorney Gen.,* 712 F.2d 1566, 1572 (2d Cir.1983)). *See also Harrington v. Iowa,* 109 F.3d 1275, 1280 (8th Cir.1997) ("In considering judicial misconduct on habeas review, we examine the trial judge's behavior in the context of the entire trial to determine whether the behavior was so prejudicial as to violate due process."); *Duckett v. Godinez,* 67 F.3d 734, 740 (9th Cir.1995) (holding that on habeas, issue is whether state trial judge's behavior rendered trial so fundamentally unfair as to violate federal due process).

Upon *de novo* review of the record, we affirm the district court's determination that the state trial judge's comments and conduct were not so prejudicial as to render the trial fundamentally unfair. Trial judges must be given wide latitude in conducting their trials. *See Harrington,* 109 F.3d at 1280. As we noted in *Tilton,* a trial judge has a duty "to conduct the trial in an orderly fashion, to insure that the issues are not obscured and to act at all times with a view toward eliciting the truth." 714 F.2d at 643. The trial judge in this case was attempting to do just that. The trial judge undeniably expressed some impatience and frustration with defense counsel during the trial, but his expressions were generally in response to defense counsel's combative style and his failure to accept the court's direction. The reprimands were not out of line, nor were they substantially adverse to the defendant himself. There is no showing that the trial judge ever intimated his opinion on the merits of the case. This is not a case

where the trial court could, in any sense, be said to have indicated "a hostility to one of the parties, or an unwarranted prejudgment of the merits of the case, or an alignment on the part of the Court with one of the parties for the purpose of furthering or supporting the contention of such party." *Knapp v. Kinsey,* 232 F.2d 458, 465–67 (6th Cir.1956).

The trial judge carefully instructed the jury that his rulings on the attorneys' motions and objections did not reflect his personal opinion about the facts in the case and should not be taken as any indication of the court's opinion as to how the jury should determine the facts. He further instructed the jury that "[i]f you have come to believe during the course of trial that I am telling you how to decide this case, disregard that opinion. You are the sole and exclusive judges of the facts."

Viewing the record as a whole, this Court concludes that the trial court's conduct and comments did not evidence any particular bias toward the defendant and consequently did not deprive petitioner of a fundamentally fair trial.

## II.

Petitioner's second argument is that his right to due process was violated by the trial court's refusal to instruct the jury on the lesser included offense of voluntary manslaughter. In *Bagby v. Sowders,* 894 F.2d 792 (6th Cir.1990) (en banc), we considered whether petitioner's right to due process was violated when the state court refused to instruct the jury on a lesser included offense. We noted that there were two theories that might support the petitioner's contention that his claim was cognizable by a federal court on habeas corpus review. The first theory considered was whether in noncapital cases the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires the giving of an instruction on a lesser included offense where the instruction is supported by the evidence in the case. *Id.* at 795. We squarely rejected this theory. We joined the majority of circuits in holding that the failure to instruct on lesser included offenses in noncapital cases is not such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Id.* at 797.

The second theory considered in *Bagby* was whether the failure to give the instruction might be cognizable by a federal court if the state court so manifestly and flagrantly violated its own clearly stated law in refusing the requested instruction, that the petitioner was denied due process of law. 894 F.2d at 794. We determined that it was conceivable that such a claim might be cognizable upon federal habeas corpus review "where a fundamental miscarriage of justice is found to have resulted from the arbitrary and unsupportable denial of a lesser included offense instruction in clear defiance of state law." *Id.* at 795. However, we emphasized that such occasions would be rare. Since it is not the function of a federal habeas court to correct errors in state law, we would not be warranted in setting aside a conviction for failure to give an instruction on a lesser included offense "except under the most unusual circumstances," such as where the failure to give the instruction amounts to a fundamental miscarriage of justice likely to have resulted in the conviction of an innocent person. *Id.* at 795.

Shortly after our decision in *Bagby* the Supreme Court emphasized that the fact that an instruction was allegedly incorrect under state law is not a basis for habeas relief. *Estelle v. McGuire,* 502 U.S. 62, 71–72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (citing *Marshall v. Lonberger,* 459

U.S. 422, 438 n. 6, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). The only question on habeas review is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72, 112 S.Ct. 475 (quoting *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)).

 Under Michigan law, "[v]oluntary manslaughter is an intentional killing committed under the influence of passion or hot blood produced by adequate provocation, and before a reasonable time has passed for the blood to cool and reason to resume its habitual control." *People v. Fortson,* 202 Mich.App. 13, 19, 507 N.W.2d 763, 767 (1993) (citing *People v. Pouncey,* 437 Mich. 382, 388, 471 N.W.2d 346 (1991)). In this case the state trial court determined that there was no evidence of heat of passion to support the giving of an instruction on voluntary manslaughter. The uncontroverted evidence revealed that the petitioner, after being shot at, drove to another home to obtain a weapon, drove back to find the people who had shot at him, and then discharged his gun some 15 to 20 minutes after the original shooting. Under these facts, it cannot be said that the trial court's determination that the evidence was not sufficient to support an instruction on voluntary manslaughter was arbitrary and unsupportable and in clear defiance of state law. *See Bagby,* 894 F.2d at 795. This is not the unusual case contemplated by *Bagby* where a failure to give a lesser included offense instruction might amount to a due process violation. Accordingly, we affirm the district court's determination that Petitioner has failed to demonstrate that the trial judge violated his right to due process by refusing to instruct the jury on voluntary manslaughter.

For the foregoing reasons, the order of the district court denying petitioner's writ of habeas corpus is AFFIRMED.