# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

v

CANDELARIO AYALA,

          Defendant-Appellant.

UNPUBLISHED
February 12, 2015

No. 317924
Kent Circuit Court
LC No. 13-000186-FC

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant Candelario Ayala was convicted by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84. He was sentenced to 4 to 15 years' imprisonment. Defendant appeals as of right. We affirm.

Defendant first challenges on appeal the admission of evidence under MRE 404(b). We review a trial court's decision to admit or exclude evidence for a clear abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). An abuse of discretion is found when the trial court's decision falls outside the range of reasonable and principled outcomes. *People v Murphy (On Remand)*, 282 Mich App 571, 578; 766 NW2d 303 (2009).

In this case, a jury found that defendant stabbed the victim 11 times. The evidence at trial showed that defendant was highly intoxicated at the time. The prosecutor offered two prior incidents involving defendant under MRE 404(b). In the first, defendant threatened to stab the victim with a knife after he had been drinking. In the second, defendant tried instigating a fight with individuals at a drive-up ATM while intoxicated. The trial court admitted the incidents to show defendant's intent and that alcohol could have been a reason for defendant's actions as opposed to self-defense.

Evidence of crimes, wrongs, or other acts is inadmissible to demonstrate a defendant's propensity to act in conformity with those acts. *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998). However, other-acts evidence may be admissible under MRE 404(b) for another purpose. *People v Sabin (After Remand)*, 463 Mich 43, 56; 614 NW2d 888 (2000). We analyze MRE 404(b) challenges under a four-part approach adopted by our Supreme Court in *People v VanderVliet*, 444 Mich 52, 65; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994):

-1-

First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury. [*Id.* at 55.]

Utilizing this approach in the present case, we find that the trial court did not abuse its discretion in admitting the past incidents.

First, the evidence was offered for a proper purpose under MRE 404(b). The prosecutor offered the evidence to rebut defendant's claim of self-defense by showing defendant's intent, knowledge, and modus operandi. However, a prosecutor may not mechanically recite a purpose under MRE 404(b) without explaining how the evidence relates to that purpose. *Crawford*, 458 Mich at 386. The prosecutor bears the burden of showing that the evidence is relevant to a proper purpose or otherwise proves a fact apart from the defendant's character or criminal propensity. *People v Mardlin*, 487 Mich 609, 615; 790 NW2d 607 (2010).

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. The crucial inquiry is whether the proffered evidence helped to prove a material fact at issue. *People v Martzke*, 251 Mich App 282, 287; 651 NW2d 490 (2002). Because defendant claimed self-defense, the prosecution was required to rebut his claim beyond a reasonable doubt. *People v Fortson*, 202 Mich App 13, 20; 507 NW2d 763 (1993). Thus, the truthfulness and the reasonableness of defendant's belief that immediate force was necessary to prevent harm was a material fact at issue. See *People v Guajardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013). Because the past incidents involving defendant made it more probable that defendant instigated a fight and stabbed the victim because he was intoxicated—and not because he honestly or reasonably feared harm—the proffered evidence was relevant to a purpose other than propensity, specifically to negate self-defense and support a finding of intent.

Next, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *VanderVliet*, 444 Mich at 55; MRE 403. Although all evidence is prejudicial, *Murphy*, 282 Mich App at 582-583, evidence may be considered unfairly prejudicial if the evidence injects "considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock," *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994) (citation and quotation omitted). Evidence is also unfairly prejudicial if it appears likely that the jury gave marginally probative evidence preemptive weight. *Crawford*, 458 Mich at 398.

The past incidents involving defendant were more than marginally probative. They put in context defendant's actions and were highly probative of whether he actually acted in self-defense. Moreover, there is no indication that the jury assigned preemptive weight to these prior incidents or that the evidence injected considerations among the jury extraneous to the merits of the case. Rather, the evidence provided an alternative explanation as to why defendant stabbed the victim, that is, because of his intoxication rather than because he feared harm.

Finally, the trial court provided the jury with multiple limiting instructions concerning this evidence. A cautionary instruction may limit the potential for undue prejudice, *Murphy*, 282

Mich App at 583, and jurors are presumed to follow instructions from the trial court, *People v Waclawski*, 286 Mich App 634, 674; 780 NW2d 321 (2009). Accordingly, the trial court's limiting instructions support the conclusion that defendant was not unfairly prejudiced by admission of the past acts in evidence.

Defendant next contends on appeal that the prosecutor committed misconduct denying him a fair and impartial trial. We generally review challenges of prosecutorial misconduct de novo. *People v Akins*, 259 Mich App 545, 562; 675 NW2d 863 (2003). We decide issues of prosecutorial misconduct on a case-by-case basis by reviewing the pertinent part of the record and evaluating the prosecutor's conduct in context. *Id.* However, because defendant failed to preserve this issue by objecting below, we review the prosecutor's conduct for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).[1]

Defendant first argues that the prosecutor committed constitutional error by stating during jury selection that he represented the victim along with the people of the State of Michigan. Alternatively, defendant argues that the prosecutor committed misconduct through his conduct, specifically injecting irrelevant and prejudicial matters. Although the prosecutor's client is the public, not the victim, *People v Burwick*, 450 Mich 281, 289 n 10; 537 NW2d 813 (1995), we find that the challenged comment "did not so infect the trial with unfairness as to render [defendant's] conviction a denial of due process," *People v Blackmon*, 280 Mich App 253, 270; 761 NW2d 172 (2008). Viewed in context, the prosecutor's comment was only briefly made in jury selection, in an attempt to weed out prospective jurors who could not be fair and impartial. The prejudicial effect of this comment, if any, could have easily been cured by a timely objection by defendant and an instruction by the trial court. *People v Unger*, 278 Mich App 210, 238; 749 NW2d 272 (2008). Thus, we find that this comment was not plain error; it constituted neither constitutional error nor prosecutorial misconduct.

Defendant also argues that the prosecutor committed misconduct by showing a surveillance videotape of the incident to the jury during his opening statement. A prosecutor does not commit misconduct by referencing evidence in his opening statement when he has a legitimate basis for believing that the evidence will be admissible. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Prosecutors are also generally given "great latitude regarding their arguments and conduct." *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995), quoting *People v Rohn*, 98 Mich App 593, 596; 296 NW2d 315 (1980) (quotations omitted). The trial court admitted the video in evidence before opening statements without objection by defense counsel. The prosecutor then laid a foundation for the video with its first witness. The video was also played numerous times throughout the rest of trial. Therefore, we

---

[1] Defendant asks this Court to additionally review this issue and his sentencing challenges discussed *infra* on ineffective assistance of counsel grounds. However, in each instance, defendant fails to explain or rationalize his position that counsel was ineffective. Accordingly, these issues are abandoned. See *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).

find that the prosecutor's use of the video during opening statements was not plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

Next, defendant challenges the sufficiency of the evidence presented to rebut his claim of self-defense. We review challenges to the sufficiency of the evidence de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). In reviewing sufficiency of the evidence, this Court views the evidence in a light most favorable to the prosecution to determine whether the evidence was sufficient to justify the jury's finding that the essential elements of the crime were proven beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). All conflicts in the evidence must be resolved in favor of the prosecution. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Circumstantial evidence and all reasonable inferences drawn therefrom constitute satisfactory proof of the crime. *Carines*, 460 Mich at 757. A conviction for assault with intent to do great bodily harm less than murder requires "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005), quoting *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997) (quotations omitted). Intent to do great bodily harm is defined as "'intent to do serious injury of an aggravated nature.'" *Brown,* 267 Mich App at 147, quoting *People v Mitchell*, 149 Mich App 36, 39; 385 NW2d 717 (1986).

Moreover, when a defendant claims he acted in self-defense, the prosecutor must rebut the defendant's self-defense claim by proving beyond a reasonable doubt that the defendant did not act in self-defense. *Fortson*, 202 Mich App at 20. Thus, the prosecutor must prove that defendant did not honestly and reasonably believe that he was in danger of death or serious bodily harm, and it appeared immediately necessary to defendant to take action to prevent such harm. *Guajardo*, 300 Mich App at 35.

In this case, sufficient evidence was presented to allow a rational jury to find beyond a reasonable doubt that defendant committed the charged offense and did not act in self-defense. At trial, defendant did not deny stabbing the victim. Evidence showed that defendant took out a knife and stabbed the victim 11 times. As a result, the victim sustained stab wounds, a nicked spleen, and a collapsed lung. Evidence further showed that defendant was trying to instigate a fight with others outside the bar before he stabbed the victim. The victim testified that he was unarmed and never threatened defendant. Viewing this evidence in a light most favorable to the prosecution, the evidence was sufficient to support defendant's conviction of assault with the intent to do great bodily harm less than murder and to rebut his claim of self-defense.

Next, defendant argues on appeal that offense variable (OV) 19 was improperly scored at sentencing. We generally review a trial court's factual determinations at sentencing, which must be supported by a preponderance of the evidence, for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). We generally review interpretation and application of the sentencing guidelines de novo. *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011). However, because this issue was unpreserved, our review is limited to plain error affecting defendant's substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004); *Carines*, 460 Mich at 763.

We find that the trial court properly scored OV 19 at 15 points. OV 19 addresses, in part, the interference with the administration of justice or the rendering of emergency services. MCL 777.49(1). Fifteen points are assessed when "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49(b). The trial court may assess points for OV 19 for conduct that occurred after the sentencing offense was completed. *People v Smith*, 488 Mich 193, 202; 793 NW2d 666 (2010).

Defendant's presentence investigation report (PSIR) indicates that he threatened to assault the arresting officers. Interference with the administration of justice includes the interference or attempted interference with the duties of law enforcement officers because they are an "integral component" of administering justice. *People v Barbee*, 470 Mich 283, 286, 288; 681 NW2d 348 (2004). Moreover, a sentencing court is free to consider all record evidence, including the contents of a PSIR, when calculating the guidelines. *People v Ratkov (After Remand)*, 201 Mich App 123, 125; 505 NW2d 886 (1993). Because defendant did not challenge the information in the PSIR that he threatened to assault the officers, it is presumed accurate. *Id.* Therefore, we find that OV 19 was properly scored based on the aforementioned information and we find it unnecessary to review whether OV 19 could be scored based on the victim's status as a bouncer at the bar outside which the stabbing took place.

Defendant next claims that he is entitled to resentencing because the trial court failed to consider certain mitigating factors. Defendant concedes that, in Michigan, a sentencing court is not required to consider all mitigating factors. See *People v Osby*, 291 Mich App 412, 416; 804 NW2d 903 (2011). He argues, however, that we should follow precedent from the United States Supreme Court requiring consideration in sentencing of all mitigating evidence. In *Osby*, we held that the federal requirement to consider all mitigating factors does not apply to Michigan's sentencing scheme. *Id.* Because we are bound by our decision in *Osby*, defendant's argument is without merit. MCR 7.215(J)(1).

Next, defendant argues that the trial court should have stated on the record why it sentenced defendant to a 15-year maximum sentence. Defendant was properly sentenced to a 15-year maximum sentence in accordance with his status as a second-offense habitual offender. MCL 769.10. Although a trial court's decision to enhance a defendant's sentence as a habitual offender is discretionary, *People v Bonilla-Machado*, 489 Mich 412, 416; 803 NW2d 217 (2011), the trial court is not legally required to state on the record that it has and is utilizing that discretion, *People v Knapp*, 244 Mich App 361, 389; 624 NW2d 227 (2001). Therefore, the trial court was under no requirement to articulate how it arrived at a 15-year maximum sentence.

Defendant also contends that the trial court should have articulated its reasons for believing that defendant's sentence was proportionate. A presumption of proportionality arises when a defendant is sentenced within the properly calculated minimum sentence range under the legislative guidelines range. *People v Broden*, 428 Mich 343, 354-355; 408 NW2d 789 (1987). When a trial court cites the appropriate guidelines range and sentences the defendant within those guidelines, the trial court is not required to articulate its reasoning further. *People v Bailey (On Remand)*, 218 Mich App 645, 646-647; 554 NW2d 391 (1996). Here, the trial court stated that it was sentencing defendant within the guidelines range. Therefore, the trial court properly articulated its reasoning at sentencing.

Next, defendant argues that the trial court should have considered his family support and his remorse as mitigating factors in measuring his rehabilitative potential. The trial court indicated that it received letters supporting defendant, and, further, it even refused to sentence defendant at the top end of the guidelines. Thus, defendant fails to show how the trial court did not consider his family support.

With respect to defendant's remorse, an appellate court is not in the position to review the sincerity of the defendant's expression of remorse. *People v Daniel*, 462 Mich 1, 11; 609 NW2d 557 (2000). Thus, we will not second guess the trial court's sentence in this regard. Defendant also argues that § 3E1.1[2] from the federal sentencing guidelines should be applied. The federal sentencing guidelines are not binding on the state trial courts. See *People v Weathersby*, 204 Mich App 98, 114; 514 NW2d 493 (1994). Accordingly, defendant's argument is without merit.

Defendant next argues that the trial court should have departed downward from the sentencing guidelines because his substance abuse history constitutes a "serious mental disease or defect." To depart from the guidelines, the trial court must find a "substantial and compelling reason" that is based on "objective and verifiable factors." *People v Babcock*, 469 Mich 247, 251, 257; 666 NW2d 231 (2003). Defendant fails to explain to this Court how his alcohol use constitutes a "serious mental disease or defect" that justifies a downward departure. It would be speculative without a trained professional's opinion to conclude that it does.

Defendant also contends that the trial court should have conducted an assessment of his rehabilitative potential through intensive alcohol, drug or psychiatric treatment. But, the trial court is not required to conduct an assessment. Under MCR 6.425(A)(1)(e), defendant's PSIR must only contain his "medical history, substance abuse history, if any, and, if indicated, a current psychological or psychiatric report." The trial court was not required to order an assessment. Defendant's PSIR follows the requirements of MCR 6.424(A)(1)(e).

Lastly, defendant argues that his sentence was based on inaccurate information because the trial court did not properly account for the mitigating factors discussed above. Because we find that the trial court did not err in its consideration of these mitigating factors, this argument is without merit.

Affirmed.

/s/ Peter D. O'Connell
/s/ David H. Sawyer
/s/ Jane E. Markey

---

[2] Under this provision, a sentencing court may decrease a defendant's offense level by two levels if the defendant "clearly demonstrates acceptance of responsibility." *Federal Sentencing Guidelines*, § 3E1.1(a).