# STATE OF MICHIGAN

# COURT OF APPEALS

| | |
|---|---|
| PEOPLE OF THE STATE OF MICHIGAN, | UNPUBLISHED |
| | January 12, 2016 |
| Plaintiff-Appellee, | |
| | |
| v | No. 323335 |
| | Kent Circuit Court |
| KYLE ALAN WILSON, | LC Nos. 13-010129-FC; |
| | 14-002308-FH |
| Defendant-Appellant. | |

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by right his convictions, following a jury trial, of second-degree murder, MCL 750.317; larceny in a building, MCL 750.360; possession of marijuana, MCL 333.7403(2)(d); and possession of methadone less than 25 grams, MCL 333.7403(2)(a)(5). Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 46 to 150 years' imprisonment for second-degree murder, two to six years' imprisonment for larceny in a building, two to eight years' imprisonment for possession of methadone less than 25 grams, and time served for possession of marijuana. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of the death of defendant's roommate, Brandon Nelson. Defendant admitted to having had an altercation with Nelson in their apartment over defendant's failure to pay rent and his spending of money instead on other things. Defendant stated to police that Nelson had charged him, causing defendant to duck and hit him with his elbow. Defendant told police that, although Nelson yelled that he was going to kill defendant, he did not believe that Nelson actually intended to kill him. Defendant stated that Nelson charged him a second time, that he hit Nelson twice on the side of his head, and that Nelson fell to the ground and began snoring. Defendant denied striking Nelson while Nelson was prone. Defendant told police that he left the apartment, and upon his return found Nelson dead. Defendant stated that, after fruitlessly performing CPR, he took Nelson's telephone and wallet and left the apartment because he was scared. Defendant was later apprehended. Police recovered a bag from the area where defendant was arrested; the bag contained contents of Nelson's wallet.

Several experts for the prosecution testified that Nelson's injuries and the crime scene were consistent with him having been struck several times while lying on the ground. A forensic

-1-

pathologist concluded that Nelson's death was caused by head injury from repeated blows to the head, which could have been done by a fist. The pathologist testified that Nelson sustained at least 7 and as many as 13 blows to the face, and had extensive bruising and lacerations around his eye and cheekbone. The pathologist testified that Nelson's injuries were inconsistent with defendant's statement that Nelson had sustained the injuries while standing, and that Nelson's eye lacerations could not have been caused by him falling against a wall. A blood-spatter analyst testified that the blood splatters at the scene were consistent with Nelson having been struck several times while on the ground.

The jury was instructed regarding both the affirmative defense of self-defense and the lesser-included offense of voluntary manslaughter. The jury convicted defendant as described above. This appeal followed. On appeal, defendant challenges only the sufficiency of the evidence in support of his murder conviction.

## II. STANDARD OF REVIEW

This Court reviews de novo a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). It "examine[s] the evidence in a light most favorable to the prosecution, resolving all evidentiary conflicts in its favor, and determine[s] whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *Id*. at 196.

## III. ANALYSIS

Defendant argues that his second-degree murder conviction was not supported by sufficient evidence because the prosecutor failed to disprove beyond a reasonable doubt that he had acted in self-defense, or alternatively because the evidence only supported a conviction for voluntary manslaughter. We disagree.

"Once evidence of self-defense is introduced, the prosecutor bears the burden of disproving it beyond a reasonable doubt." *People v Fortson*, 202 Mich App 13, 20; 507 NW2d 763 (1993). Self-defense is justifiable only when the defendant "honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself." *People v Riddle*, 467 Mich 116, 127; 649 NW2d 30 (2002). "A defendant does not act in justifiable self-defense when he or she uses excessive force." *People v Guajardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013).

Defendant told police that he had hit Nelson in self-defense. He claimed that he hit Nelson only three times and did not hit him while he was on the ground. However, defendant's statements to police conflict with expert testimony indicating that Nelson was struck several times while on the ground. Although defendant was not required to retreat from Nelson's attack without responding with force, see *People v Riddle*, 467 Mich 116, 130; 649 NW2d 30 (2002), the jury could rationally conclude, in light of this evidence, that defendant's use of force went

beyond that necessary to protect himself from death or severe bodily harm.[1] Although defendant is correct that our Supreme Court has stated that a person acting in self-defense need not "draw very fine distinctions concerning the extent of the injury that an infuriated and reckless assailant may probably inflict," see *id.* at 130, the jury in this case could rationally conclude based on the evidence that defendant continued to strike Nelson several times after he no longer posed a threat, and thus used excessive force. See *People v Collins*, 300 Mich 34, 53; 5 NW2d 556 (1942) (sufficient evidence to negate self-defense found when the defendant continued his assault against a victim who had fallen to the sidewalk); *Guajardo*, 300 Mich App at 35. Viewing the evidence in a light most favorable to the prosecution, and resolving all evidentiary conflicts in its favor, a rational trier of fact could have found that the prosecution disproved defendant's self-defense theory beyond a reasonable doubt. *Ericksen*, 288 Mich App at 196.

Alternatively, defendant argues that there was insufficient evidence to prove that the killing was not done in a heat of passion, thus reducing the second-degree murder conviction to voluntary manslaughter. We disagree.

"Voluntary manslaughter is an intentional killing committed under the influence of passion or hot blood produced by adequate provocation, and before a reasonable time has passed for the blood to cool and reason to resume its habitual control." *People v Fortson*, 202 Mich App 13, 19; 507 NW2d 763 (1993). A fact-finder must examine all the circumstances surrounding the killing to determine whether the homicide was committed in the heat of passion. *People v Townes*, 391 Mich 578, 589; 218 NW2d 136 (1974). "The determination of what is reasonable provocation is a question of fact for the factfinder," *People v Pouncey*, 437 Mich 382, 390; 471 NW2d 346 (1991), as is the determination regarding whether "a lapse of time" occurred "during which a reasonable person could control his passions." *Id.* at 388.

Defendant claims that Nelson's actions of shoving him in the chest and rushing at him were adequate provocation to make a reasonable person act out of passion rather than reason. However, even if Nelson's actions perhaps provoked defendant's initial response, the evidence indicates, as stated above, that defendant continued to strike Nelson once he fell to the ground. The jury thus could have rationally found that a lapse of time had occurred during which a reasonable person could regain control of his passions. See *id.* at 388. Further, defendant told police that he and Nelson did not get along very well and that Nelson was always trying to boss and push him around. Based on the circumstances of the killing, which involved a roommate dispute, and defendant's actions following the killing, a rational trier of fact could find that defendant was provoked by the argument, monetary issues, or existing bad blood between him and Nelson, but that he was not adequately provoked so as to reduce his offense to voluntary manslaughter. *Fortson*, 202 Mich App at 19. Viewing the evidence in the light most favorable to the prosecution, resolving all evidentiary conflicts in its favor, a rational trier of fact could find

---

[1] We note that defendant stated to police that he did not believe that Nelson honestly intended to kill him; presumably, defendant was thus in fear that Nelson intended to commit severe bodily harm upon him.

that defendant did not kill Nelson while under the influence of passion produced by adequate provocation. *Ericksen*, 288 Mich App at 196.

Affirmed.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey