# Order

Michigan Supreme Court
Lansing, Michigan

May 4, 2018

152934 & (45)

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
Plaintiff-Appellee,

v

SC: 152934
COA: 321806
Saginaw CC: 13-039031-FC

ERIC LAMONTEE BECK,
Defendant-Appellant.

_____/

By order of September 6, 2016, the application for leave to appeal the November 17, 2015 judgment of the Court of Appeals and the motion to appoint counsel were held in abeyance pending the decisions in *People v Steanhouse* (Docket No. 152849) and *People v Masroor* (Docket Nos. 152946-8). On order of the Court, the cases having been decided on July 24, 2017, 500 Mich 453 (2017), the application and motion are again considered. The motion to appoint counsel is DENIED as moot. The defendant is represented in this Court by attorney Michael Skinner, who filed the application on the defendant's behalf.

We direct the Clerk to schedule oral argument on whether to grant the application or take other action. MCR 7.305(H)(1). The appellant shall file a supplemental brief within 42 days of the date of this order, addressing: (1) the appropriate basis for distinguishing between permissible trial court consideration of acquitted conduct, see *People v Ewing (After Remand)*, 435 Mich 443, 451-452 (1990) (opinion by BRICKLEY, J.); *id*. at 473 (opinion by BOYLE, J.); see also *United States v Watts*, 519 US 148 (1997), and an impermissible "independent finding of defendant's guilt" by a trial court on an acquitted charge, see *People v Grimmett*, 388 Mich 590, 608 (1972), overruled on other grounds by *People v White*, 390 Mich 245, 258 (1973); see also *People v Fortson*, 202 Mich App 13, 21 (1993); and (2) whether the trial court abused its discretion by departing from the guidelines range, where the jury acquitted the defendant of murder, but the court departed based on its finding by a preponderance of the evidence that the defendant had perpetrated the killing. In addition to the brief, the appellant shall electronically file an appendix conforming to MCR 7.312(D)(2). In the brief, citations to the record must

provide the appendix page numbers as required by MCR 7.312(B)(1). The appellee shall file a supplemental brief within 21 days of being served with the appellant's brief. The appellee shall also electronically file an appendix, or in the alternative, stipulate to the use of the appendix filed by the appellant. A reply, if any, must be filed by the appellant within 14 days of being served with the appellee's brief. The parties should not submit mere restatements of their application papers.

We further direct the Clerk to schedule the oral argument in this case for the same future session of this Court when it will hear oral argument in *People v Dixon-Bey* (Docket No. 156746).

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 4, 2018



Clerk

a0501