PEOPLE v BAILEY (ON REMAND)

Docket No. 196682. Submitted August 5, 1996, at Lansing. Decided September 10, 1996, at 9:00 A.M.

Richard L. Bailey was charged in the Detroit Recorder's Court, Michael J. Callahan, J., with second-degree murder, but was convicted by a jury of voluntary manslaughter and was sentenced to five to fifteen years of imprisonment. The trial court had refused a defense request to give a jury instruction on assault with intent to do great bodily harm less than murder as a cognate lesser included offense of second-degree murder. The Court of Appeals, SHEPHERD, P.J., and TAYLOR and R. D. GOTHAM, JJ., reversed the conviction, holding that it was bound to follow *People v Boles*, 420 Mich 851 (1984), although it disagreed with that decision. 207 Mich App 8 (1994). The Supreme Court reinstated the conviction, overruling *Boles*. 451 Mich 657 (1996). On motion by the defendant, the Supreme Court remanded the case to the Court of Appeals for consideration of other issues raised by the defendant but not decided by the Court of Appeals. 453 Mich 1204 (1996).

On remand, the Court of Appeals *held*:

1. The trial court satisfied the requirement of articulating reasons for the sentence imposed by specifically citing the sentencing guidelines before imposing a sentence that was within the guidelines.

2. The sentence, being within the guidelines, is presumptively proportionate, and the defendant failed to overcome the presumption. The minimum sentence reflected the seriousness of the matter.

3. By not raising it before or at sentencing, the defendant failed to preserve for appeal the claim that the sentence was based on two instances of inaccurate information in the presentence report.

4. The defendant's trial counsel objected at sentencing to other alleged inaccuracies in the presentence report. The defendant's claim that trial counsel was ineffective for failing to object to inaccuracies in the presentence report is unavailing.

5. The sentencing issues are arguably moot in light of the defendant's completion of the minimum sentence.

Affirmed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Janet A. Napp*, Assistant Prosecuting Attorney, for the people.

*Joan Ellerbusch Morgan*, for the defendant on appeal.

ON REMAND

Before: Doctoroff, C.J., and Taylor and Young, JJ.

Taylor, P.J. Defendant was convicted of voluntary manslaughter, MCL 750.321; MSA 28.553. In an earlier opinion, *People v Bailey*, 207 Mich App 8; 523 NW2d 798 (1994), we reversed defendant's conviction, disagreeing with, but being constrained by, *People v Boles*, 420 Mich 851; 358 NW2d 894 (1984). The Supreme Court granted leave to appeal, overruled *People v Boles*, and reinstated defendant's conviction. *People v Bailey*, 451 Mich 657, 682, n 15; 549 NW2d 325 (1996). On defendant's motion for rehearing, the Supreme Court amended its opinion to remand the case to us for consideration of the issues that defendant raised in this Court but were not addressed in our previous opinion. 453 Mich 1204 (1996). We affirm.

The only issues defendant raised in his initial appeal to this Court that were not addressed in our earlier opinion related to sentencing. On February 5, 1992, defendant received a prison sentence of five to fifteen years, with credit for 205 days served.

Defendant argues that the trial court did not articulate its reasons for the sentence it imposed. This claim is erroneous. The trial court specifically cited the sentencing guidelines before imposing a sentence

within those guidelines. This satisfied the articulation requirement. *People v Lawson*, 195 Mich App 76, 77; 489 NW2d 147 (1992).

Defendant also claims that his sentence was disproportionate. We disagree. Defendant's sentence was within the sentencing guidelines range and was presumptively proportionate. *People v Broden*, 428 Mich 343, 354-355; 408 NW2d 789 (1987). We have reviewed the record and conclude that defendant has failed to overcome the presumption of proportionality. *People v Price*, 214 Mich App 538, 548; 543 NW2d 49 (1995). We are further satisfied that defendant's five-year minimum sentence reflected the seriousness of the matter. *People v Houston*, 448 Mich 312, 320; 532 NW2d 508 (1995).

Defendant further asserts that his sentence was based on two instances of inaccurate information in the presentence information report and that counsel was ineffective because he did not object to this inaccurate information. We find that defendant is not entitled to any relief. A defendant may not raise an issue challenging the accuracy of the presentence report unless the issue was raised at or before sentencing. MCR 6.429(C).[1] Defendant did not contest the accuracy of the challenged portions of the presentence report at sentencing. Thus, this issue is not preserved for appeal. *People v Rodriguez*, 192 Mich App 1, 5; 480 NW2d 287 (1991). We also reject the claim that counsel was ineffective for failing to object to the two alleged inaccuracies. The record indicates that defense counsel reviewed the presentence report with

---

[1] This court rule was amended on January 26, 1996, to provide that an objection must be made at or before sentencing or as soon as the inaccuracy reasonably could have been discovered.

defendant and made objections related to other alleged inaccuracies at sentencing. Therefore, we find that defendant's counsel was effective. *People v Armendarez*, 188 Mich App 61, 74-75; 468 NW2d 893 (1991).

Finally, we note that defendant's sentencing issues are arguably moot because it appears that he has already served his minimum sentence. *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994).

Affirmed.