PEOPLE v McCRADY

Docket No. 215180. Submitted October 17, 2000, at Detroit. Decided December 19, 2000, at 9:05 A.M. Leave to appeal denied, 464 Mich ___.

Terrence L. McCrady was convicted by a jury in the Genesee Circuit Court, Judith A. Fullerton, J., of felony murder and possession of a firearm during the commission of a felony. Serving as alternative underlying felonies for felony murder were home invasion and robbery. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not err in failing to suppress evidence of a confession the defendant made to the police. The defendant, by not objecting at trial and not moving for a hearing pursuant to *People v Walker (On Rehearing)*, 374 Mich 331 (1965), failed to preserve the issue for appeal. The record, when reviewed for plain error affecting the defendant's substantial rights, indicates no error requiring reversal in view of the defendant's knowing, intelligent, and voluntary waiver of his rights.

2. By not objecting at trial, the defendant failed to preserve for appeal alleged error by the trial court in instructing the jury concerning intent as an element of first-degree home invasion and felony murder. The instructions fairly presented the issues and sufficiently protected the defendant's rights. The trial court therefore did not commit plain error that affected the defendant's substantial rights.

3. First-degree home invasion served as the proper underlying felony for the defendant's conviction of felony murder. The felony-murder statute, MCL 750.316(1)(b); MSA 28.548(1)(b), provides that murder committed in the perpetration, or attempt to perpetrate, home invasion in the first or second degree constitutes felony murder. The breaking and entering of a dwelling, or the entering of a dwelling without permission, constitutes first-degree home invasion if the perpetrator has the intent to commit any felony therein.

4. By not objecting at sentencing to the presentence report's erroneous indication that the defendant was convicted of premeditated murder, the defendant failed to preserve the issue for appeal. The error need not be corrected inasmuch as the error did not deprive the defendant of any substantial right.

Affirmed.

1. HOMICIDE — FELONY MURDER.

  Felony murder consists of the killing of a human being, with the
  intent to kill, to do great bodily harm, or to create a very high risk
  of death or great bodily harm with knowledge that death or great
  bodily harm was the probable result, while committing, attempting
  to commit, or assisting in the commission of any of the felonies
  specifically enumerated in the felony-murder statute (MCL
  750.316[1][b]; MSA 28.548[1][b]).

2. BURGLARY — FIRST-DEGREE HOME INVASION.

  The breaking and entering of a dwelling, or the entering of a dwelling
  without permission, constitutes first-degree home invasion if the
  perpetrator has the intent to commit any felony therein (MCL
  750.110a[2]; MSA 28.305[a][2]).

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, *Arthur A. Busch*, Pros-
ecuting Attorney, and *Donald A. Kuebler*, Chief,
Appeals, Research and Training, for the people.

State Appellate Defender (by *P.E. Bennett*), for the
defendant on appeal.

Before: JANSEN, P.J., and DOCTOROFF and O'CONNELL,
JJ.

O'CONNELL, J. Defendant appeals as of right his jury
convictions of first-degree felony murder, MCL
750.316(1)(b); MSA 28.548(1)(b), and possession of a
firearm during the commission of a felony, MCL
750.227b; MSA 28.424(2). The trial court sentenced
defendant to life in prison for the first-degree felony-
murder conviction, and two years in prison for the
felony-firearm conviction. We affirm.

The charges arise from the shooting death of Travis
Daugherty. The prosecution's theory is that defendant
aided and abetted codefendant Miguel Barron in the
shooting. The prosecutor charged Barron and defen-

dant with first-degree premeditated murder, MCL 750.316(1)(a); MSA 28.548(1)(a), and with felony murder, MCL 750.316(1)(b); MSA 28.548(1)(b), the underlying felony either being home invasion, MCL 750.110a(2); MSA 28.305(a)(2), or robbery, MCL 750.529; MSA 28.797. The prosecution alleged that Barron and defendant went to the apartment of Felicia Crawley, Barron's ex-girlfriend, with the intent to either murder or rob the occupants. Defendant asserted, through counsel, that he was only at the apartment to protect Barron as he retrieved some clothing from Crawley's apartment. According to defendant, the victim had stabbed Barron during a previous visit.

Defendant's first argument is that the trial court erred in failing to suppress evidence of a statement that he gave to the police. Generally, a defendant must challenge the admissibility of a confession in the trial court or the issue is unpreserved. *People v Snider*, 239 Mich App 393, 417; 608 NW2d 502 (2000); *People v Gray*, 45 Mich App 643, 644; 207 NW2d 161 (1973). Because defendant did not object at trial, and he noted on the record his decision not to bring a motion for a *Walker*[1] hearing, the issue is not preserved. We therefore review this claim for plain error that affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999). Our review of the record leaves us with little doubt that defendant knowingly, intelligently, and voluntarily waived his rights, and we therefore find no error requiring reversal on this issue.

---

[1] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

Defendant's second argument is that the trial court erred in instructing the jury on the element of intent with respect to first-degree home invasion and felony murder. Again, defendant did not object at trial and the issue is unpreserved. *Snider, supra* at 420. We have reviewed the disputed instructions and conclude that they fairly presented the issues and sufficiently protected defendant's rights. *People v Mass*, 238 Mich App 333, 341; 605 NW2d 322 (1999). Therefore, the trial court did not commit plain error that affected defendant's substantial rights. *Carines, supra* at 774; *Snider, supra* at 420.

Defendant's third contention is that using the felony of first-degree home invasion to support his felony-murder conviction was "redundant, circular, and against the intent of the Legislature." Resolution of this issue entails a questions of law and statutory interpretation. We review such questions de novo. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998).

First-degree felony murder includes:

> Murder committed in the perpetration of, or attempt to perpetrate, arson, criminal sexual conduct in the first, second, or third degree, child abuse in the first degree, a major controlled substance offense, robbery, carjacking, breaking and entering of a dwelling, *home invasion in the first or second degree,* larceny of any kind, extortion, or kidnapping. [MCL 750.316(1)(b); MSA 28.548(1)(b) (emphasis added).]

Felony murder consists of the following elements: (1) the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable

result, (3) while committing, attempting to commit, or assisting in the commission of any of the felonies specifically enumerated in the felony-murder statute. *People v Nowack*, 462 Mich 392, 401; 614 NW2d 78 (2000); *Carines, supra* at 758-759.

The first-degree home invasion statute, MCL 750.110a(2); MSA 28.305(a)(2), provides:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
> (a) The person is armed with a dangerous weapon.
> (b) Another person is lawfully present in the dwelling.

In the instant case, the prosecutor sought to prove that defendant intended to commit either robbery or murder. Defendant contends that using the intent to commit murder as the underlying predicate for felony murder is circular and that the Legislature did not intend such a result. We disagree. First, the lower court record does not indicate whether the basis of the jury's verdict was that defendant went to the apartment with the intent to murder or the intent to rob. Second, MCL 750.316(1)(b); MSA 28.548(1)(b) provides that murder committed during a first-degree home invasion constitutes felony murder. We presume that the Legislature intended the meaning that it plainly expressed. *People v Venticinque*, 459 Mich 90,

99; 586 NW2d 732 (1998). The breaking and entering of a dwelling, or the entering of a dwelling without permission, constitutes first-degree home invasion if the perpetrator has the intent to commit any felony therein. MCL 750.110a(2); MSA 28.305(a)(2). In our view, the felony-murder statute is straightforward and its plain meaning is determinative of this issue. Accordingly, we affirm defendant's felony-murder conviction, which had first-degree home invasion as its predicate offense.[2]

Finally, defendant argues that a remand to the trial court is necessary to correct the presentence investigation report, which erroneously states that defendant was convicted of first-degree premeditated murder. The jury actually convicted him of first-degree felony murder. To preserve an issue regarding the accuracy of the presentence investigation report for appeal, the defendant must object to the error at the time of sentencing. *People v Bailey (On Remand)*, 218 Mich App 645, 647; 554 NW2d 391 (1996). Here, defendant did not object to the alleged error at the time of sentencing, and so the issue is unpreserved. Although the presentence investigation report contains plain error in that it misstates the crime of which the jury convicted defendant, the error does not deprive defendant of any substantial right. *Carines, supra* at 774. We therefore decline to remand for correction of the presentence report.

Affirmed.

---

[2] Our conclusion is also consistent with *People v Warren*, 228 Mich App 336; 578 NW2d 692 (1998); rev'd in part on other grounds 462 Mich 415; 615 NW2d 691 (2000). Although *Warren* involved a different issue, this Court ultimately affirmed the defendant's felony-murder conviction where the underlying felony was first-degree home invasion. *Id.* at 345-354.