# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHAKEER DONTEA TUNSTALL,

Defendant-Appellant.

UNPUBLISHED
December 10, 2015

No. 323089
Berrien Circuit Court
LC No. 2012-002920-FH

Before: OWENS, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

After pleading guilty to conducting a criminal enterprise, MCL 750.159i, defendant appeals by leave granted, arguing that his presentence investigation report (PSIR) is inaccurate and must be corrected. We find no grounds for relief and affirm.

The present case arises from defendant's involvement in a fraudulent check scheme in which fake checks printed from a computer were cashed at various businesses. On November 5, 2013, defendant pled guilty to conducting a criminal enterprise and, in exchange, the prosecutor agreed to dismiss a charge of using a computer to commit a crime, three counts of uttering and publishing, and a charge in another case of driving without a valid operator's license. The prosecutor also agreed to the "lowest possible sentence under the guidelines," whatever those guidelines turned out to be. The recommended minimum sentencing range under the legislative guidelines was 57 to 95 months, and the trial court sentenced defendant to 57 to 240 months' imprisonment. Defendant now appeals by leave granted.

On appeal, defendant does not challenge the validity of his plea, nor does he seek resentencing. Instead, defendant challenges the accuracy of information contained in his PSIR, which he contends could adversely affect his parole date or placement with the Department of Corrections, and he requests a remand for the correction of the PSIR. Specifically, with regard to an adult conviction for possession of marijuana, defendant contends that the sentence, reported in the PSIR as "8 years 60 days confinement remainder time on probation," is confusing and potentially misleading. Defendant also claims on appeal that a 2002 juvenile charge for criminal sexual conduct and a 2009 conviction for criminal damage to property should be stricken from his PSIR because defendant was not convicted of these offenses and defense counsel was ineffective for failing to challenge these convictions at sentencing.

-1-

The PSIR is an information gathering tool for the sentencing court. *Morales v Mich Parole Bd*, 260 Mich App 29, 45; 676 NW2d 221 (2003). The scope of the report is necessarily broad, and it must include any information that may aid the court at sentencing. *Id.* at 46, citing MCR 6.425(A). In addition, the Department of Corrections also makes critical decisions regarding a defendant's status based on the information contained in the PSIR. *People v Lloyd*, 284 Mich App 703, 706; 774 NW2d 347 (2009). "To ensure accuracy, the defendant must be given an opportunity to review his presentence investigation report before sentencing." *Morales*, 260 Mich App 634 689; 780 NW2d 321 (2009). And, "[a]t sentencing, either party may challenge the accuracy or relevancy of any information contained in the presentence report." *People v Waclawski*, 286 Mich App at 689. However, information in the PSIR is presumed accurate and, if a defendant challenges the information, the defendant "bears the burden of going forward with an effective challenge." *Lloyd*, 284 Mich App at 705. If a defendant makes an effective challenge, "the prosecution must prove by a preponderance of the evidence that the facts are as the prosecution asserts." *Id.* When the accuracy of the information in the PSIR is challenged, the sentencing court must respond. *People v Spanke*, 254 Mich App 642, 648; 658 NW2d 504 (2003). However, the court has wide latitude in selecting its response. *Id.* It may "determine the accuracy of the information, accept the defendant's version, or simply disregard the challenged information." *Id.* If the court disregards the challenged information, "it must clearly indicate that it did not consider the alleged inaccuracy in determining the sentence." *Id.* at 649. In contrast, "[i]f the court finds that challenged information is inaccurate or irrelevant, that finding must be made part of the record and the information must be corrected or stricken from the report." *Waclawski*, 286 Mich App at 690. See also MCR 6.425(E)(2). On appeal, we review the sentencing court's response to a defendant's challenge to the PSIR for an abuse of discretion. *Spanke*, 254 Mich App at 648.

In this case, at sentencing, defense counsel indicated that there was "one other thing I think could be written better in the report." Looking to the last listed adult conviction in the PSIR, counsel argued that the "sentence disposition," which read "8 years 60 days confinement remainder time on probation," was confusing. Looking at this phrasing, the trial court indicated that it understood the sentence disposition to mean "they gave him eight years and they told him to serve 60 days in jail, and the rest of it on probation." Defense counsel did not dispute the trial court's understanding of the sentence imposed, but requested "that there be a parenthesis around 60 days confinement" to avoid confusion. Although the trial court did not make a finding of inaccuracy, the trial court agreed to make this change and the prosecutor indicated that he had no objection. However, the PSIR before us does not reflect this change, and defendant argues that the case should be remanded for the correction to be made.

Contrary to defendant's arguments, we see no need to remand for the stylistic change he requests. Defendant does not contest the accuracy or relevancy of the information reported and, because the information is accurate and relevant, there is no need for a change to the PSIR. See *Waclawski*, 286 Mich App at 690; *Lloyd*, 284 Mich App at 705. Indeed, we agree with the trial court's plain reading of the sentence at issue, and we see nothing misleading or confusing in the wording which would necessitate the grammatical modifications urged by defendant. In short, because the information is accurate and relevant, the trial court did not abuse its discretion insofar as the court ultimately failed to make the requested change, and we deny defendant's request to remand for correction of the PSIR on this basis.

Next, defendant argues that remand is necessary because his listed juvenile criminal history, item one, and adult criminal history, item three, are inaccurate because he was not convicted of those offenses. Defendant failed to raise this argument at sentencing. See *People v McCrady*, 244 Mich App 27, 32; 624 NW2d 761 (2000); MCR 6.429(C). Consequently, given the absence of a challenge from defendant, the PSIR is presumed to be accurate and there is no basis in the record for defendant's claim of inaccuracy. See *People v Callon*, 256 Mich App 312, 334; 662 NW2d 501 (2003); *People v Bailey*, 218 Mich App 645, 647; 554 NW2d 391 (1996). Indeed, far from challenging the inclusion of these offenses in the PSIR, defendant personally acknowledged at sentencing that he had a chance to review the PSIR and that the report was "accurate." By affirmatively agreeing that the records were accurate, defendant waived any further challenge. See *People v Kowalski*, 489 Mich 488, 503-505; 803 NW2d 200 (2011) (clear expression of satisfaction constitutes waiver).

To the extent defendant claims that counsel provided ineffective assistance by failing to object to the inclusion of these offenses in his PSIR, his claim is without merit. A defendant claiming ineffective assistance bears the burden of establishing the factual predicate of his claim, *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999), and, in this case, defendant offers absolutely no evidence to establish that there was any inaccuracy in the PSIR to which counsel might have objected. To the contrary, the PSIR is presumed to be accurate and, after personally reviewing the PSIR, defendant affirmatively stated on the record that the PSIR was accurate. On this record, defendant has not established the factual predicate of his claim. See *id.* Given counsel's review of the PSIR as stated on the record, and the various challenges raised by defense counsel at sentencing, we see no basis for concluding that counsel was ineffective. Cf. *Bailey*, 218 Mich App at 648.

Affirmed.


/s/ Donald S. Owens
/s/ William B. Murphy
/s/ Joel P. Hoekstra