# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 16, 2018

Plaintiff-Appellee,

v

No. 337756
Wayne Circuit Court
LC No. 16-008122-01-FC

WILLIE JASON GREEN,

Defendant-Appellant.

Before: JANSEN, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of carjacking, MCL 750.529a, and first-degree home invasion, MCL 750.110a(2). Defendant was sentenced, as a fourth offense habitual offender, MCL 769.12, to consecutive terms of 25 to 40 years' imprisonment for the carjacking conviction, and 10 to 20 years' imprisonment for the first-degree home invasion conviction. We affirm defendant's convictions, but remand for further sentencing proceedings consistent with this opinion.

## I. BACKGROUND FACTS

This case arises out of a home invasion at the victim's home in Detroit. When the victim returned home, she found defendant and two accomplices had broken in, and were still inside. The victim ordered defendant and his companions to leave. Defendant responded that he had been hired to clean the house; the victim, however, had not hired anyone to clean her home. Eventually, defendant exited the victim's home through the front door, ran to the victim's truck that was parked in the driveway, and attempted to steal it. The victim jumped onto the side of the truck and attempted to wrestle the keys away from defendant. Defendant managed to pull the truck out of the driveway, but could not escape in it because the victim was holding onto the side door. Defendant punched the victim in the face repeatedly in an attempt to get her to let go of the door. A neighbor rushed out to help the victim. The neighbor recognized defendant, who lived around the block. Defendant got out of the truck and fled on foot. Defendant was arrested at his home later that day.

-1-

## II. ACCURACY OF PRESENTENCE INVESTIGATION REPORT

Defendant first argues that he was denied due process because the presentence investigation report ("PSIR") in this case listed his name and birth date incorrectly, and therefore the trial court relied on inaccurate information during trial and at sentencing.

In general, "[t]his Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion." *People v Uphaus (On Remand)*, 278 Mich App 174, 181; 748 NW2d 899 (2008). However, "[t]o preserve an issue regarding the accuracy of the [PSIR] for appeal, the defendant must object to the error at the time of sentencing." *People v McCrady*, 244 Mich App 27, 32; 624 NW2d 761 (2000). Defendant did not object to the name and birth date used to identify him in the PSIR at sentencing. Accordingly, this issue is unpreserved. Further, defendant waived his right to contest the accuracy of the information contained in the PSIR, including inaccuracies with regard to his legal name and birth date, by agreeing that the information was correct at sentencing. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). " 'One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error.' " *Id*. (citation omitted). Consequently, defendant has waived any challenge to the accuracy of the information contained in the PSIR. *Id*.

## III. JURY IMPARTIALITY

Defendant next argues that the trial court's use of defendant's alias, rather than his legal name, allowed an individual who recognized defendant to be chosen as a juror. We disagree.

Typically, this Court reviews de novo the question whether a defendant was denied due process and the right to an impartial jury. *People v Bryant*, 491 Mich 575, 595; 822 NW2d 124 (2012). However, "[t]o properly preserve a challenge to the jury array, a party must raise this issue before the jury is empaneled and sworn." *People v McKinney*, 258 Mich App 157, 161; 670 NW2d 254 (2003). Defendant did not raise any objection regarding the juror before the jury was empaneled and sworn, and therefore, this issue is unpreserved. Accordingly, this Court reviews defendant's claim for plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Reversal is only warranted if the plain error leads to "the conviction of an actually innocent defendant," or where an error affects the "fairness, integrity, or public reputation" of the judicial proceeding. *Id*. at 763-764.

A defendant has a right to be tried by a fair and impartial jury. *People v Miller*, 482 Mich 540, 547; 759 NW2d 850 (2008). "[J]urors are presumed to be . . . impartial, until the contrary is shown." *Id*. at 550 (quotation marks and citation omitted). Defendant bears the burden of showing that a particular juror was not impartial "or . . . that the juror's impartiality is in reasonable doubt." *Id*. Defendant is also required to show that prejudice resulted from the presence of a juror who was not impartial. *Id*. at 548-549.

In this case, defendant announced that a juror had recognized him after hearing that the jury had convicted him of both carjacking and first-degree home invasion. Defendant contends that the juror recognized him because she worked at a youth home where he had lived as a child. However, during voir dire, the juror in question stated that she worked as a court coordinator for the Wayne Circuit Court Juvenile Division, and that she had been working in the same position for 31 years. Although defendant's argument is meant to suggest that the juror recognized him, in reality, defendant is the one who allegedly recognized the juror. The juror never stated that she had worked at a youth home, nor did she indicate that she knew or recognized defendant. Defendant only began to complain that the juror knew him after the jury convicted him of carjacking and first-degree home invasion, which suggests that he was causing a disruption because he was displeased with the outcome of the case. Defendant has provided no further evidence to substantiate the contention that the juror knew him, that she was biased, or that she improperly influenced any of the other jurors. Accordingly, defendant has failed to establish that his right to an impartial jury was prejudiced or denied, and therefore had failed to establish he was denied due process.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that he was denied the effective assistance of counsel where trial counsel failed to inform the trial court that defendant was being prosecuted under an alias, and that the legal name and birthdate listed in his PSIR were incorrect. Defendant also argues that he was denied the effective assistance of counsel because trial counsel failed to call alibi witnesses and corroborating witnesses. We disagree.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo. *Id.* at 188. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). However, because defendant failed to move for a new trial or a hearing pursuant to *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973) in the trial court, our review is limited to errors apparent from the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).[1]

Effective assistance of counsel is presumed, and criminal defendants have a heavy burden of proving otherwise. *People v Schrauben*, 314 Mich App 181, 190; 886 NW2d 173 (2016). When claiming ineffective assistance of counsel, it is a defendant's burden to prove "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different." *Solloway*, 316 Mich App at 188, citing *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant must show that "but for counsel's deficient performance, a different result would have been reasonably probable." *Armstrong*, 490 Mich at 290, citing *Strickland*, 466 US at 694–696.

---

[1] We note that defendant did file a motion for remand for a *Ginther* hearing in this Court. However, that motion was denied. *People v Willie Jason Green*, unpublished order of the Court of Appeals, entered January 12, 2018 (Docket No. 337756).

"[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant first argues that defense counsel was ineffective because he failed to notify the trial court that defendant was being tried under an alias and did not seek correction of the errors regarding his legal name and birth date in the PSIR. Defendant also contends that defense counsel was ineffective for failing to correct these errors because the use of his alias allowed an individual who recognized him to serve as a juror.

Defendant offers no proof that the jury would have returned a favorable verdict, or that the trial court's sentencing decision would have been different, if defense counsel had sought to inform the trial court regarding defendant's use of an alias and the inaccuracies in the PSIR. Additionally, the trial court was aware that the name defendant was charged under was incorrect because defendant himself informed the trial court of the error. Because the trial court was already aware of the fact that defendant went by multiple names, there was no need for defense counsel to also inform the court. Defense counsel is not required to make meritless arguments or advance futile objections. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Therefore, because defendant has failed to prove that he was prejudiced by defense counsel's performance or that the outcome of the case would have been different but for defense counsel's performance, defendant has failed to demonstrate that he was denied the effective assistance of counsel.

Defendant also argues that defense counsel's failure to call certain alibi witnesses and corroborating witnesses constituted ineffective assistance of counsel. We disagree.

Defendant contends that defense counsel failed to call his employers, Jonathan Gunther ("Gunther") and Carlos White ("White"), as alibi witnesses, and stated that they would have testified that defendant's name was "Willie Dwight Moss," and that he was at work on the day that the home invasion took place. The decision to call a witness is presumed to be a matter of trial strategy. *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). Decisions regarding which witnesses to call are considered a matter of trial strategy, and failing to call a witness "is only considered ineffective assistance if it deprived the defendant of a substantial defense." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). A substantial defense is one "that could have affected the outcome of the trial." *Id*. Defendant never provided an affidavit or other offer of proof to demonstrate what Gunther and White would have testified to, and therefore, it is impossible to determine whether Gunther and White would have testified in defendant's favor. Because defendant has not provided a factual basis for his argument, we cannot conclude that defense counsel's performance fell below an objective standard of reasonableness such that defendant was deprived of a substantial defense due to trial counsel's failure to call Gunther and White as witnesses.

Defendant next contends that defense counsel's failure to call corroborating witnesses constituted ineffective assistance of counsel. Defendant states that defense counsel should have called one of his accomplices, named Kimberly Haley ("Haley"), as well as his sister, Kenzetta Moss ("Moss"), as corroborating witnesses. However, as with his argument regarding Gunther and White, defendant does not explain how Haley's and Moss's testimony would have corroborated his version of events. Moreover, defendant does not elaborate on what the content

of their respective testimony would be, or how the testimony would have changed the outcome of the case. We note, however, that defense counsel did call defendant's brother, Kenneth Moss, as a corroborating witness, and that he testified that defendant had been at work when the home invasion occurred. Therefore, Haley's and Moss's testimony would have been cumulative. Again, we cannot conclude that trial counsel's failure to call Haley or Moss deprived defendant of a substantial defense, or that defendant was deprived the effective assistance of counsel at trial.

## V. CONSECUTIVE SENTENCING

Defendant next argues that the trial court abused its discretion by failing to articulate its rationale for imposing consecutive sentences on the record, and that it committed a *Tanner*[2] violation by sentencing him to 25 to 30 years' imprisonment for the carjacking conviction. We agree with respect to the trial court's failure to articulate its rationale for imposing consecutive sentences.

"[W]hen a statute grants a trial court discretion to impose a consecutive sentence, the trial court's decision to do so is reviewed for an abuse of discretion, i.e., whether the trial court's decision was outside the range of reasonable and principled outcomes." *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016). However, defendant's argument related to *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972), is reviewed for plain error because it is unpreserved. In its review for plain error, this Court is required to establish that a plain, i.e., clear or obvious, error occurred, and that "the plain error affected substantial rights." *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). If a plain error results in the conviction of an innocent defendant or damages "the fairness, integrity or public reputation of judicial proceedings," reversal will be warranted. *Carines*, 460 Mich at 763.

In *Norfleet*, as a matter of first impression, this Court stated that a trial court's decision to impose a consecutive sentence "when not mandated by statute is reviewable for an abuse of discretion." *Id*. at 654. The Michigan Supreme Court has defined the abuse of discretion standard as follows:

> [A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome . . . . An abuse of discretion occurs . . . when the trial court chooses an outcome falling outside this principled range of outcomes. [*People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).]

Defendant was sentenced to 10 to 20 years' imprisonment for his first-degree home invasion conviction, and 25 to 40 years' imprisonment for his carjacking conviction. The trial court ordered defendant to serve his sentence for the carjacking conviction consecutive to the first-degree home invasion conviction. Both MCL 750.529a, which governs the crime of carjacking, and MCL 750.110a, which governs the crime of first-degree home invasion, allow for the imposition of consecutive sentences. See MCL 750.529a(3); MCL 750.110a(8). However, despite the fact that both statutes permit consecutive sentencing, " 'concurrent

---

[2] *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972).

sentencing is the norm . . . .' " *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (citation omitted).

The imposition of a consecutive sentence is a singular discretionary act, and the trial court is required to justify the imposition of consecutive sentences on the record. *Norfleet*, 317 Mich App at 665. Ensuring that the trial court creates a fully descriptive record, which includes the court's reasons for imposing consecutive sentences, allows this Court to accurately review the trial court's sentencing rationale. *Id*. Thus, the trial court is obligated to make a discretionary decision "as to each sentence and not to them all as a group." *Id*.

In defendant's case, the trial court stated as follows:

I think the evidence was overwhelming. The complaining witness testified and it was corroborat[ed] with evidence from other witnesses, and I don't really know if you are taking responsibility if you still say today before this [c]ourt that you didn't commit the crime. Your record over and over again with violent felonies is very long.

Although the trial court spoke generally about its belief that the evidence in favor of defendant's conviction was "overwhelming," and stated that defendant had a long history of committing violent crimes, the trial court nevertheless failed to specifically articulate why consecutive sentences were justified in defendant's case.

In *Norfleet*, the trial court gave a general summary of "defendant's background, his history, [and] the nature of the offenses involved." *Norfleet*, 317 Mich App at 666 (quotation omitted). However, this Court did not agree that a general overview of the nature of the offense or the defendant's background and personal history justified consecutive sentencing. *Id*. Following this Court's decision in *Norfleet*, trial courts are required to "speak separately regarding each consecutive sentence, each of which represents a separate exercise of discretion," and must also "give particularized reasons . . . to impose each sentence . . . consecutive to the others." *Id*. Overall, the trial court is required to be highly specific while explaining its rationale for the consecutive sentences that it imposes. *Id*.

In defendant's case, the trial court never stated that it chose to impose a consecutive sentence because defendant's crime was in some way different in nature from similar crimes that are committed by similar offenders. The trial court spoke only briefly about defendant's crimes, and did not specifically provide a rationale for imposing a consecutive sentence. Thus, under *Norfleet*, defendant correctly argues that the trial court abused its discretion by failing to properly articulate its reasons for imposing a consecutive sentence.

Defendant also briefly argues that the trial court committed a *Tanner* violation at sentencing. The *Tanner* rule states that a minimum sentence may not exceed ⅔ of the maximum sentence. *Tanner*, 387 Mich at 690. Defendant argues that the trial court violated the *Tanner* rule by sentencing him to 25 to 30 years' imprisonment for the carjacking conviction at sentencing. However, our Supreme Court's holding in *Tanner* "does not apply to sentences where the statutory maximum is 'life or any term of years.' " *People v Floyd*, 490 Mich 901, 902 (2011). Carjacking, MCL 750.529a, is a crime that is punishable by "life or any term of

years." *People v Ford*, 262 Mich App 443, 455; 687 NW2d 119 (2004). Consequently, the *Tanner* rule is inapplicable to defendant's carjacking conviction. *Floyd*, 490 Mich at 902.

Finally, defendant argues that the trial court attempted to correct its purported *Tanner* violation by sentencing him to 25 to 40 years' imprisonment, which is the term of years listed on his judgment of sentence. It is unclear whether this was a typographical error, or whether the trial court misspoke on the record at sentencing. However, our review of the record indicates that there is a discrepancy between the trial court's statement at sentencing (that it was sentencing defendant to 25 to 30 years' imprisonment) and the term of years listed for the carjacking conviction on defendant's judgment of sentence (which indicates defendant was sentenced to 25 to 40 years' imprisonment). On remand, the trial court should clarify this discrepancy.

VI. OV 14

Finally, defendant argues that the trial court's assessment of 10 points under offense variable ("OV") 14 was incorrect because no evidence supported the contention that he was the leader in the criminal transaction. We disagree.

When reviewing an issue related to sentencing offense variables, this Court reviews the trial court's factual determinations for clear error. *People v Gloster*, 499 Mich 199, 204; 880 NW2d 776 (2016). All factual determinations "must be supported by a preponderance of the evidence." *Id*. "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

OV 14 concerns the defendant's role in an offense. *People v Ackah-Essien*, 311 Mich App 13, 38; 874 NW2d 172 (2015). A trial court is required to assess 10 points where "[t]he offender was a leader in a multiple offender situation." *Id*., quoting MCL 777.44(1)(a). A "multiple offender situation" includes situations wherein more than one person "participates in a violation of the law." *Id*. The leader of a multiple offender situation "acts as a 'guiding or directing head' of a group." *Id*. (citation omitted).

The record indicates that defendant was the only person to directly speak to the victim, and that he remained in the victim's house, arguing that he had entered the house to clean it, well after his accomplices left the premises. This evidence gives some indication that defendant was likely the leader of the group. The victim testified that "[defendant] said somebody sent them there to clean," and indicated that she believed he was speaking on behalf of his accomplices. Defendant was also the only person to remain in the victim's house after his accomplices left, and the only person to attempt to carjack the victim. This evidence, indicates that defendant was asserting himself as the leader, in that he was the "directing head" of the group. Accordingly, the trial court's assessment of 10 points to OV 14 was supported by a preponderance of the evidence, and did not constitute clear error. *Ackah-Essien*, 311 Mich App at 38-39. Thus, the trial court did not clearly err by assessing 10 points to OV 14.

We affirm defendant's convictions, but remand for further sentencing proceedings consistent with this opinion. We retain jurisdiction.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens

# Court of Appeals, State of Michigan

## ORDER

People of MI v Willie Jason Green

Docket No. 337756

LC No. 16-008122-01-FC

Kathleen Jansen
Presiding Judge

Patrick M. Meter

Cynthia Diane Stephens
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED to the trial court to articulate specific findings regarding justification for requiring Count I to run consecutive to Count II, pursuant to *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016).

The trial court shall make its findings within 28 days of the Clerk's certification of this order, and file with this Court its written findings. The proceedings on remand are limited to this issue.

The appellant shall have 56 days from the issuance of the trial court's findings to file a responsive brief, and the appellee shall have an additional 21 days to file a supplemental response.

This Court retains jurisdiction.

/s/ Kathleen Jansen

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

October 16, 2018
Date

Chief Clerk